UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:02CR490 CDP |
| | ) | |
| NOEL ROBLES-CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Noel Robles-Castro filed a motion for reconsideration of payment of expert witness fees some time ago. Through inadvertence, the Court neglected to rule on the motion in a timely manner. I now conclude that the motion should be denied, as the claim for expert witness fees was appropriately reduced.

I approved in advance the expenditure of funds under the Criminal Justice Act for defendant's retention of an expert witness. The charges against defendant Noel Robles-Castro were dismissed, however, after his brother pleaded guilty and satisfied the government that Noel was not involved in the crime. This occurred on the morning that both brothers were expected to go to trial. Noel Robles-Castro had retained expert witness Paul Vanderwood, a Professor from the University of California at Santa Clara, to testify about the government's evidence related to Jesus

Malverde and whether possession of an icon of Jesus Malverde indicated knowledge of drug trafficking. When the charges against Noel were dismissed, counsel attempted to contact Professor Vanderwood to stop his trip to St. Louis, but was unable to do so. Professor Vanderwood therefore traveled to St. Louis unnecessarily, through no fault of his own or of defense counsel.

When counsel submitted Professor Vanderwood's bill for reimbursement under the Criminal Justice Act, I reduced the claim for fees and expenses. I allowed payment of $300 per hour for the twelve hours that the witness had worked to prepare for his testimony, for a fee reimbursement of $3600. I rejected an additional $1000 charge, which reflected $500 per day for travel time. I reduced one of the meals to a reasonable amount, and reduced expenses that appeared to be for an alcoholic beverage, which cannot be reimbursed under the CJA. I also reduced the amount claimed for air fare. He had originally purchased a round trip ticket for $402.50, which was very reasonable. But when the trial was cancelled he purchased a one way ticket to return to California at a cost of $1008, which was more than a reasonable fare. Although I realize it would have been inconvenient, he could have remained a day longer and flown home on the previously scheduled discount ticket.

Upon reconsideration, I continue to believe that the reductions were

appropriate. Although the last-minute dismissal made it impossible to stop Professor Vanderwood from traveling and this change was certainly not his fault, the Court may only pay reasonable expenses, and under the circumstances I believe that the reimbursement previously provided was reasonable, under the circumstances. Accordingly,

**IT IS HEREBY ORDERED** that defendant Noel Robles-Castro's motion for reconsideration [#74] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2005.